IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA LEVEY, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CONCESIONARIA VUELA COMPAÑÍA DE AVIACIÓN, S.A.P.I. DE C.V., and CONTROLADORA VUELA COMPAÑÍA DE AVIACIÓN, S.A.B. DE C.V., foreign corporations d/b/a/ "VOLARIS," ) ) ) ) ) ) ) Defendants. ) | Case No.: 1:20-cv-2215<br><br>**Assigned Judge:**<br>**John Robert Blakey**<br><br>**Designated Magistrate Judge:**<br>**Jeffrey Cummings** |

## INITIAL JOINT STATUS REPORT

1. **Type of Initial Status Report**

   This is the parties' joint initial status report.

2. **Service of Process**

   Defendant Concesionaria Vuela Compañía de Aviación, S.A.P.I. de C.V. agreed to waive service of summons. Defendant Controladora Vuela Compañía de Aviación, S.A.B. de C.V. was served through a registered agent who subsequently rejected service because it had previously resigned. Plaintiff, however, intends to dismiss Controladora Vuela Compañía de Aviación, S.A.B. de C.V. without prejudice.

3. **The Nature of the Case**

   a. **Identification of Attorneys of Record**

   William M. Sweetnam – Lead Trial Attorney
   KEOGH LAW, LTD.
   55 West Monroe Street, Suite 3390
   Chicago, Illinois 60603

99364

312-374-3401
wsweetnam@keoghlaw.com

Attorneys for Plaintiff

Robert E. Tonn – Lead Trial Attorney
HOLLAND & KNIGHT, LLP
150 N. Riverside Plaza, 27th Floor
Chicago, IL  60606
(312) 578-6687
robert.tonn@hklaw.com

Christopher Kelly (pro hac vice pending)
Judith Nemsick (pro hac vice pending)
HOLLAND & KNIGHT LLP
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019
Phone 212.513.3264
christopher.kelly@hklaw.com
judith.nemsick@hklaw.com

Attorneys for Defendant Concesionaria Vuela Compañía de Aviación, S.A.P.I. de C.V.

### b. Basis for Federal Jurisdiction

Plaintiff plead her claims individually and on behalf of the class defined in her Complaint, which she alleges numbers in excess of 100, who are citizens of states different from Defendant, and that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  Plaintiff alleges, therefore, that this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2).

Defendant does not agree that this matter is appropriate for class action treatment. Defendant contends that if the class is not certified plaintiff's individual breach of contract claim does not meet  the threshold for diversity jurisdiction.

### c. Nature of Plaintiff's Claims

Plaintiff allleges she and others who booked flights on Volaris for travel from the United States to Mexico had their flights canceled by Volaris during the COVID-19 (novel coronavirus) pandemic without refunding the amounts these passengers paid for airfare and/or requiring them to pay a penalty to rebook their travel. As alleged in the Complaint, Volaris canceled many of its flights to Mexico from the United States in the wake of the COVID-19 (Novel Coronavirus) pandemic. Although the United States temporarily closed its border with Mexico due to the pandemic, Plaintiff allges this restriction did not apply to air travel. When Volaris decided to cancel its flights to Mexico, Plaintiff alleges that it did so without notice to its booked passengers, and it offered no refunds and that it continues to deny the refunds to passengers who seek them, despite its contract of carriage and DOT rules requiring refunds and/or required these passenger to pay a penalty to rebook their travel. Based on the above allegations, Plaintiff asserts claims for breach of contract, unjust enrichment, unconscionability and violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq*.

### d. Principal Legal and Factual Issues

Plaintiff alleges there are questions of law or fact common to the Class including, *inter alia*, the following:

    a. whether Volaris' cancellation of the flights of Plaintiff and the Class without refund constitutes a breach of its contract of carriage;

    b. whether Plaintiff and members of the Class conferred a benefit on Defendant in the form of airfare paid and whether it would be unjust for Defendant to retain such benefits under the circumstances alleged herein;

c. whether Volaris' contract of carriage permits cancellation of the flights of Plaintiff and the Class without refund and, if so, whether such terms are unconscionable;

d. whether Defendant misrepresented and/or omitted material facts regarding its obligation to provide refunds to Plaintiff and the Illinois Subclass when it canceled their flights;

e. whether Defendant intended that Plaintiff and the Illinois Subclass rely on the foregoing misrepresentations and omissions;

f. whether Defendant's cancellation of Plaintiff's and the Class' flights was for reasons outside Defendant's control or through no fault of Plaintiff and the Class;

g. whether the current COVID-19 (novel coronavirus) pandemic is an act of God entitling Plaintiff and the Class to a refund of their airfare and/or penalties paid;

h. whether Plaintiff and the members of the Class are entitled to their damages, including treble damages, and the appropriate measure thereof; and

i. whether equitable or injunctive relief is appropriate.

Defendant alleges the principal legal issues are (1) whether Plaintiff's claims are preempted by the Airline Deregulation Act; (2) whether Plaintiff has failed to state a claim for breach of contract as Plaintiff was provided alternate transportation as per her Contract of Carriage because her flight was operated out of O'Hare and Volaris also offered Plaintiff travel vouchers, even though she did not check-in or appear for her flight; (3) whether the Court lacks subject matter jurisdiction because Plaintiff lacks standing as she has no viable claim; and (4) whether the unnamed class members' claims are moot because Volaris offered ticket refunds to passengers whose flights were canceled by Volaris.

Defendant states, additional factual and legal class issues, in the event the case is not dismissed, are (1) whether Plaintiff is an appropriate class representative; (2) whether the

Complaint properly alleges a cognizable class, (3) whether there is sufficient commonality among the alleged class members, (4) whether the claims of Plaintiff as the named class representative are typical of all putative class members, (5) whether the individualized claims of the Plaintiff, as the named class representative, are unique to her such that her claims would not lend themselves to a determination of all of the claims of the purported putative class members, and (6) whether the Montreal Convention may govern certain passengers' claims where a flight was delayed.

### e. The Relief Sought by Plaintiff

Plaintiff's Complaint seeks the following relief: (1) certification of this action as a class action under Fed. R. Civ. P. 23, and designation of Plaintiff as representative of the Class and her undersigned counsel as Class counsel; (2) damages in the amount of Plaintiff's and the Class' damages, costs and attorneys' fees; (3) allowable pre- and post-judgment interest on the foregoing awarded damages; (4) equitable relief including, *inter alia*, disgorgement of Defendant's ill-gotten gains; and (5) injunctive and declaratory relief.

## 4. Case Plan

### a. Pending Motions

1. Defendant has filed a Rule 12(b) motion to dismiss Plaintiff's Class Action Complaint based on theories of preemption, standing, mootness and failure to state a claim.

2. Seperately, an MDL Motion to Transfer this matter has been filed with the United States Judicial Panel on Multidistrict Litigation (MDL 2957, *In Re COVID-19 Airfare Refund Litigation*).

### b. Proposed Discovery Plan

Defendant requests that the Court extend the time for the parties to provide initial disclosures pursuant to the Mandatory Initial Discovery Pilot Program ("MIDP") Standing Order

until such time as the Court rules on Defendant's motion to dismiss and such time as the JPML rules on MDL transfer. Defendant asserts that its motion to dismiss presents legal rather than factual issues that may be resolved without discovery. Moreover, if transfer is granted Defendant contends that the MDL Court will establish procedures for discovery that may be inconsistent with this Court's procedures. Defendant plans to file a motion to stay discovery prior to the Court's next mandatory case management conference.

Defendant proposes that the parties provide a discovery schedule once the pending motion to dismiss and the MDL transfer motion are decided, or if the court orders otherwise.

If discovery does eventually proceed, Defendant believes that a protective order may be necessary to protect confidential information.

Plaintiff opposes a stay of discovery. The party seeking a stay of discovery bears the burden of showing that "good cause" exists for such an order. *New England Carpenters Health & Welfare Fund. V. Abbott Labs.,* No. 12 C 1662, 2013 WL 690613, at **1, 3 (N.D. Ill. Feb. 20, 2013). Before a stay may be imposed, the moving party must make a "clear showing of [their] burden or cost with any anticipated discovery." *Id.,* 2013 WL at *3. The mere filing of a motion to dismiss is ordinarily not sufficient to justify a stay of discovery. *See, e.g., SK Hand Tool Corp. v. Dresser Indust., Inc.,* 852 F.2d 936, 945 n.11 (7th Cir. 1988) ("Discovery need not cease during the pendency of a motion to dismiss."); *Tomburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 7, 2010). As the Court explained in *New England Carpenters*, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." 2013 WL 690613 at *1.

    **c.    Trial**

Plaintiff has made a jury demand. The length of trial will depend in large part on whether the Court certifies this as a class action. The trial on plaintiff's individual claims will take approximately 3-5 days. Defendant believes a trial on the purported class claims will take approximately 4-6 weeks, depending on the size of the class. Plaintiff disagrees, maintaining that the claims of the Class can and should be tried together with Plaintiff's claims.

**5.    Consent to Proceed Before a Magistrate Judge**

The Parties do not agree to proceed before the magistrate judge.

**6.    Settlement**

The parties have not discussed settlement and at this point have not requested a settlement conference.

Dated: July 6, 2020                                   Respectfully submitted,

                                                            SAMANTHA LEVEY

                                                            *s/     William M. Sweetnam*
                                                                  One of Its Attorneys

                                                            KEOGH LAW, LTD.
                                                           William M. Sweetnam
                                                           55 West Monroe Street, Suite 3390
                                                           Chicago, IL 60603
                                                           (312) 374-3401 (Telephone)
                                                           WSweetnam@Keoghlaw.com


                                                           CONCESIONARIA VUELA COMPAÑÍA DE AVIACIÓN, S.A.P.I. DE C.V.

                                                           *s/     Robert E. Tonn*
                                                                  One of Its Attorneys

                                                           HOLLAND & KNIGHT, LLP
                                                           Robert E. Tonn
                                                           150 N. Riverside Plaza, 27th Floor

                                                Chicago, IL  60606
                                                (312) 578-6687 (Telephone)
                                                robert.tonn@hklaw.com