IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA LEVEY and ETHAN FEIRSTEIN, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:20-cv-02215 |
| v. ) ) | Judge John Robert Blakey |
| CONCESIONARIA VUELA COMPAÑÍA DE AVIACIÓN, S.A.P.I. DE C.V., a foreign corporation d/b/a "VOLARIS," ) ) ) ) | |
| Defendant. ) | |

**ORDER GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

The Court having held a final approval hearing on November 1, 2024, notice of the hearing and the Settlement having been duly given in accordance with this Court's order (1) preliminarily approving Settlement, (2) certifying the Settlement Class, (3) approving notice plan and (4) setting the final approval hearing, and having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement dated March 1, 2024, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No.166) are also incorporated by reference into this Final Approval Order.

2. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and personal jurisdiction over Concesionaria Vuela Compañía de Aviación, S.A.P.I. de C.V. ("Defendant"). and the Settlement Class Members, certified in the Court's preliminary approval order, who did not timely request exclusion.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiffs and Defendant, supervised by well-qualified mediators, Hon. Morton Denlow (Ret.) and Hon. William E. Gomolinski (Ret.). The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Federal Rule 23 and due process.

4. No Members filed objections or opted out of the Settlement Class.

5. On April 25, 2024, the Court preliminarily found:

(a) The Settlement Class includes thousands of class members, and thus the class is so numerous joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, including, but not limited to, whether airline passengers whose flights were similarly canceled or significantly delayed by Defendant during the COVID-19 pandemic are entitled to prompt refunds, and whether Defendant's contract of

2

carriage allowed it to issue vouchers in lieu of refunds, and these questions appear to predominate over any alleged individual questions;

    (c)  The claims of both Plaintiffs appear to be typical of the claims of the Settlement Class because they allege their flights were canceled or significantly delayed by Defendant for pandemic-related reasons, but Defendant did not issue either of them refunds. In addition, plaintiff Feirstein is a typical representative of the subclass of passengers who hold expired vouchers;

    (d)  Plaintiffs and their counsel are adequate to represent the class. Plaintiffs appear to have the same interests as the Settlement Class, they do not have any apparent conflict of interest with the Settlement Class, and their attorneys have extensive experience litigating class action cases, including consumer protection class actions like the instant action;

    (e)  Certification of the Settlement Class is the superior method for fairly and efficiently resolving the claims of the Settlement Class.

  6.  The Court hereby confirms these findings and finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Settlement Class satisfies all the requirements of Federal Rule 23.

  7.  The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all members of the Settlement Class in accordance with Federal Rule 23.

  8.  The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Settlement Administrator is hereby ordered

to comply with the terms of the Agreement with respect to distribution of the Settlement Fund, including the distribution of any remaining funds.

9. As of the Effective Date, the Plaintiffs and every Settlement Class Member hereby releases all Released Parties from the Released Claims, as stated in the Agreement.

10. This Final Approval Order will settle and resolve with finality on behalf of Plaintiffs and the Settlement Class, the Action and the Released Claims against the Released Parties by Plaintiffs and the other Settlement Class Members in the Action. As of the Effective Date, the Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who do not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Agreement, and the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Class Counsel have moved, pursuant to Fed. R. Civ. P. 23(h) and 52(a), for an award of attorneys' fees and reimbursement of costs and expenses. Pursuant

to Fed. R. Civ. P. 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

 (a) The Settlement confers substantial benefits on the members of the Settlement Class;

 (b) The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class will receive cash payments that represent a significant portion of the damages available to them were they to prevail in individual actions asserted the same or similar claims;

 (c) Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case, which involved claims asserted as a result of, and during, the unprecedented global pandemic;

 (d) The Settlement was obtained as a direct result of Class Counsel's zealous advocacy;

 (e) The Settlement was reached following extensive negotiations between Class Counsel and Counsel for Defendant, supervised by well-qualified mediators, and was negotiated in good-faith and without collusion;

 (f) Members of the Settlement Class were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees equal to 36% of the Settlement Funds less notice and administration costs, in the amount of $1,234,840, plus expenses, to be paid from the Settlement Funds;

 (g) A copy of Plaintiffs' motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's

file and on the settlement website during the period class members had to submit any objections;

      (h)    No member of the Settlement Class submitted written objections to the award of attorneys' fees, costs and expenses; and

      (i)    Counsel who recover a common fund for the benefit for persons other than themselves for their client are entitled to reasonable attorneys' fees from the fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Sutton v. Bernard,* 504 F.3d 688, 691 (7th Cir. 2007) ("the attorneys for the class petition the court for compensation from the settlement or common fund created for the class's benefit"), *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 796-97 (7th Cir. 2018) (affirming attorney fees in consumer class action of 36% of the first $10 million, 30% of the next $10 million, and 24% of the next $34 million), *Martin v. JTH Tax, Inc.*, No. 13-6923 (N.D. Ill. Sept. 16, 2015) (Shah, J.) (38% of total fund); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 501 (N.D. Ill. 2015) (Kennelly, J.) (36% of the fund net admin costs) and accordingly, Class Counsel are hereby awarded $ 1,234,840.00 for attorneys' fees, and $36,125.24 for unreimbursed costs and expenses which the Court finds to be fair and reasonable, which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

12.    The Class Representatives, Samantha Levey and Ethan Feirstein shall each receive an incentive award of $10,000.00 to compensate them for their significant efforts in this case. *See*, *e.g.*, *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (recognizing that "because a named plaintiff is an essential ingredient of

6

any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Synthroid Mkt. Litig.* ("*Synthroid I*"), 264 F.3d 722, (7th Cir. 2001) ("Incentive awards are justified when necessary to induce individuals to become named representatives."); *see also Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 205 (N.D. Ill. 2018) (awarding $10,000 incentive award to named plaintiff); *Briggs v. PNC Financial Services Group*, No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *5 (N.D. Ill. Nov. 29, 2016) ($12,500 incentive award for each named plaintiff); *Castillo v. Noodles & Co.*, No. 16-cv-03036, 2016 U.S. Dist. LEXIS 178977, at *8 (N.D. Ill. Dec. 23, 2016) (authorizing $10,000 incentive award for each named plaintiff).

13. If, after the expiration date of any second distribution as provided for in the Settlement Agreement, there remains money in the Settlement Fund, all such money remaining will be distributed to *cy pres* Travelers United, an appropriate third party non-profit organization. *See Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 689 (7th Cir. 2013).

14. All matters in dispute having been resolved, this Court hereby dismisses this case without prejudice and sets a status hearing for July 24, 2025 at 11:00 a.m. in Courtroom 1203 to assess the propriety of a with prejudice dismissal.

SO ORDERED.

Dated: November 4, 2024

Entered:

John Robert Blakey
United States District Judge